**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10357 |
| Plaintiff-Appellee, | D.C. No. 1:12-cr-00234-LJO |
| v. | |
| SAUL MORALES, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted July 10, 2018**

Before: CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

Saul Morales challenges the 135-month sentence imposed on remand following his jury-trial conviction for several drug-related crimes under 21 U.S.C. §§ 841(a)(1), 846, and 856(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Morales first contends that the district court procedurally erred by failing to consider each of the 18 U.S.C. § 3553(a) sentencing factors and explain the sentence adequately. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court, which had previously sentenced Morales and was very familiar with the record, considered Morales's arguments but was not persuaded that a lower sentence was warranted. It was not required specifically to "tick off" each section 3553(a) factor. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Though the court might have said more, Morales has not shown a reasonable probability that he would have received a different sentence had the court done so. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

Morales also argues that his sentence is substantively unreasonable in light of his post-sentencing efforts at rehabilitation. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The 135-month sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including the size of Morales's marijuana operation, his leadership role in that operation, and his criminal history. *See id*.

**AFFIRMED.**

17-10357